IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN MATTHEW FINNEGAN | : | CIVIL ACTION |
| v. | : | |
| GREYSTAR | : | NO. 21-2301 |

## MEMORANDUM

**Savage, J.**                                                                                      **May 21, 2021**

Plaintiff Sean Matthew Finnegan, proceeding *pro se*, has filed this breach of contract action against Defendant Greystar, asserting that the federal court has jurisdiction based upon diversity of citizenship.[1] Consistent with our "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), we may dismiss a case *sua sponte* for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). Because Finnegan and Greystar are citizens of the same state, we shall dismiss the complaint for lack of diversity jurisdiction.

Under 28 U.S.C. § 1332, federal district courts have original jurisdiction of all civil actions "between . . . citizens of different States." *Id.*, § 1332(a)(1). This means that for a federal court to exercise diversity jurisdiction, no plaintiff can be a citizen of the same state as any defendant. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir.

---

[1] Finnegan seeks leave to proceed *in forma pauperis*. *See* Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 1). Because it appears that he is incapable of paying the costs and fees of filing this action, his motion will be granted.

2015) (citation omitted).

A natural person is deemed to be a citizen of the state where he is domiciled. *Lincoln Ben. Life Co.*, 800 F.3d at 104. A corporation is a citizen of both the state of its incorporation and the state where its principal place of business is located. *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (citation omitted).

Listing an address in Philadelphia, Pennsylvania, Finnegan asserts that he is a corporation incorporated in Pennsylvania with its principal place of business there.[2] He alleges that Greystar is also a corporation with a Philadelphia address incorporated in Pennsylvania with its principal place of business there.[3]

Finnegan alleges that the plaintiff and defendant are both citizens of Pennsylvania. Because Finnegan and Greystar are citizens of the same state, there is no diversity. Thus, we shall dismiss the complaint for lack of subject matter jurisdiction.

---

[2] *See* Complaint (Doc. No. 2) at ECF 1, 3. Because Finnegan signed the complaint with his name, this would indicate that he is also bringing this action in his individual capacity.

[3] *See* Complaint at ECF 2, 4.